IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMIE GLENN FINLEY                                                                                PLAINTIFF

v.                                          Civil No.  6:24-cv-06022-SOH-MEF

CITI TELE COM, Montgomery County                                                       DEFENDANT
Provider of Commissary, Communications,
and Media

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court on Plaintiff's failure to obey the Orders of the Court.

### I.  DISCUSSION

Plaintiff, Jamie G. Finley, filed this action pursuant to 42 U.S.C. § 1983 on February 29, 2024.  He proceeds *pro se* and *in forma pauperis* ("IFP").  Plaintiff was incarcerated in the Montgomery County Detention Center ("MCDC") when he filed his Complaint (ECF No. 1).

When he filed this case, Plaintiff was specifically advised (ECF No. 3) that he was required to immediately inform the Court of any change of address.  If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release.  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

On March 18, 2024, mail was returned to the Court (ECF No. 10) with the address of the MCDC crossed out and return to sender written on the envelope. Plaintiff had 30 days to advise the Court of his new address. The new address was to be provided to the Court by April 17, 2024. To date, Plaintiff has not provided a new address or contacted the Court in anyway.

## II.     CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**Status of Referral:  The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of April 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE